Pearson, J.
 

 We do not concur with his Honor in the view taken of the question presented by this case. If, after a note has been standing over for more than ten years, the obligor says, “ I paid the note 'in full at a particular time and place,” and at the trial relies on the presumption of payment raised by the statute, the fact, that he is not able to prove that he did pay the note in full at the particular time and place, or even proof that he did not then and there pay it, is not sufficient to repel the presumption. The inference or implication to be drawn from these facts, would not have been
 
 *238
 
 such an acknowledgment of a debt as would repel the bar of the statute of limitations, even at the time when the courts leaned against that plea, and held almost any admission or promise sufficient to have that effect. It cannot be allowed to have the effect of rebutting the presumption of payment, without introducing all the evils (and perhaps more) which grew out of the old notion in regard to the statute of limitations. It would be better to repeal the statute at once.
 

 So, if the defendant says, “ I satisfied the note long ago in a settlement made with a particular individual, and surrendered up notes to the full amount, although there was a mistake, and the credit in full was not. entered,” the fact, that he is not able to show the mistake, or if the plaintiff proves that, in truth, there was no mistake, and that the notes surrendered did not reach to the full amount of the note and interest then due, but only to the amount of the. credit which was entered, is not sufficient to rebut the presumption.
 

 So, if the defendant says,
 
 “
 
 I satisfied the note by giving another note, with A. B. as surety, which latter note, I have also paid off,” proof that the last note was not given in satisfaction of the note sued on, but in satisfaction of another and a different note, is not sufficient to rebut .the presumption ; such proof only shows that the defendant had not paid at the time and place, or in the manner alleged, but
 
 non constat
 
 that he did not pay at some other time or place or in some other manner, and the law raises a presumption to this effect, to defeat “ stale debts.”
 
 V&ivire dc novo.
 

 PeR Cubiam. Judgment reversed.